# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In Re:** | : | |
| | : | |
| **FRANK JANOCHA, JR. and WENDY JANOCHA,** | : | Bankruptcy No. <u>06-20191JAD</u> |
| | : | |
| Debtors, | : | Chapter 13 |
| | X | |
| | : | |
| **MARIAN R. BURNETT,** | : | Doc. Nos. 124 and 127 |
| | : | |
| Movant, | : | |
| | : | |
| - vs - | : | |
| | : | |
| **FRANK JANOCHA, JR., WENDY JANOCHA, and RONDA J. WINNECOUR, Chapter 13 Trustee,** | : | |
| | : | |
| Respondents. | : | |
| | X | |

## **<u>MEMORANDUM OPINION</u>**

The matter before the Court is the *Third Amended Motion to Reopen Chapter 13 Bankruptcy* (the "Motion") filed by the Movant, Marian R. Burnett ("Ms. Burnett"), which is a core proceeding over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A), (b)(2)(H), (b)(2)(I), (b)(2)(J), (b)(2)(K), b)(2)(O) and 1334.

Ms. Burnett seeks to reopen the Debtors bankruptcy case in order to seek

00014230

relief from stay regarding an alleged equitable lien against the residence of the Debtors. For the reasons expressed below, an Order shall be entered that denies the Motion. An Order shall also be entered that denies, as moot, a related motion for relief from stay filed by the Movant as well.

**I.**

The Movant, Ms. Burnett, is the mother of the Debtor Wendy Janocha. On January 18, 2006, Ms. Janocha jointly commenced this case with her then husband, Mr. Frank Janocha, Jr., by filing a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

Sometime prior to the filing of this bankruptcy case, Ms. Burnett allegedly loaned the Debtors monies for the purchase of a marital residence. It is contended that the parties believed that the loan had been secured by the filing of a mortgage. In their schedules, the Debtors listed Ms. Burnett as a secured creditor holding a mortgage against the residence in the amount of $165,000. See Doc. #9, Schedule A. In their original Chapter 13 plan, the Debtors proposed to pay the debt to Ms. Burnett as a long term continuing debt. See Doc. #10.

However, during the administration of the Debtors' Chapter 13 case, it was discovered that no mortgage had been recorded. The lack of recording was learned when the Debtors filed a motion pursuant to 11 U.S.C. § 522(f) seeking to avoid a judicial lien held by Citizens Bank. See Doc. #14. The motion was filed only two days after the filing of the original Chapter 13 plan of the Debtors.

In a written response to the avoidance motion, Citizens Bank averred that there was no mortgage recorded ahead of its lien, that there was plenty of unencumbered equity in the property, and as a consequence its lien did not impair the exemptions claimed by the Debtors. Citizens Bank thus objected to the avoidance of its lien. Citizens Bank further objected to the proposed Chapter 13 plan asserting that Citizens Bank should be treated as a secured creditor and that Ms. Burnett should not. See Doc. #23.

The Debtors subsequently withdrew their motion to avoid the judicial lien of Citizens Bank, see Doc. #24, and filed an amended Chapter 13 Plan dated April 12, 2006. See Doc. #33. In the Amended Plan dated April 12, 2006, the Debtors eliminated the secured claim of Ms. Burnett. See Doc. #33. Specifically, on the final page of the plan, it was stated that "[t]he claim of Marian Barnett [sic], previously identified as a mortgage is not a secured claim. This creditor has agreed to defer payments during the term of the plan." Id. The Amended Plan dated April 12, 2006 was confirmed on an interim basis. But, before the first Amended Plan could be confirmed on a final basis, the Debtors filed a Second Amended Plan on August 2, 2006. The Second Amended Plan dated August 2, 2006 again provided for the elimination of the secured claim of Ms. Burnett. See Doc. # 46. Without opposition from Ms. Burnett, the Second Amended Plan was confirmed on a final basis by order dated August 23, 2006. See Doc. # 48.

The Debtors ultimately completed the terms and conditions set forth in the

plan(s) approved by the Court. Upon completion of the case, the Chapter 13 Trustee filed an application seeking approval of a Final Report and Account.

Consistent with the fact that Ms. Burnett's alleged secured claim was eliminated by the above referenced confirmed plan, the Final Report and Account of the Chapter 13 Trustee reflected that the alleged secured claim of Ms. Burnett was in the amount of zero dollars ($0.00) and payment amount on account of the same was zero dollars ($0.00). See Doc. #89.

The Chapter 13 Trustee's Application, Final Report and Account, proposed Order of Court, and the notice of hearing with respect to the same were served upon Ms. Burnett. See Doc. #91 and Doc. #92.

Without any opposition of Ms. Burnett, the Final Report and Account was approved on a final basis by Order of Court dated June 17, 2011. See Doc. # 96. The Order of Court dated June 17, 2011 stated unequivocally that "property of the estate revests in the debtor(s)" and that "[t]his revestment of property is free and clear of any and all claims or interests except as otherwise treated in the plan or in the Order confirming the Plan."

On June 27, 2011, both Debtors were granted a discharge. See Doc. #97. The case was then closed on July 21, 2011. Almost three years after case closing, on May 20, 2014, the original *Motion to Reopen* was filed. See Doc. #124. In conjunction with the *Motion to Reopen*, a motion for relief from stay was also filed.[1]

---

[1] Actually multiple motions seeking the same relief were filed and re-filed because the
(continued...)

See Doc. #127.

In the relief from stay motion, Ms. Burnett asserts an equitable lien arising from the unrecorded mortgage and advises that the Debtors are now divorcing. Id. Further, it is stated that in the divorce proceeding, Mr. Frank Janocha is claiming that any equitable lien asserted by Ms. Burnett is barred by the discharge injunction. Id. Accordingly, Ms. Burnett seeks relief from stay to file a *lis pendens* against the marital residence to protect her interest, and to facilitate her daughter's domestic relations claims against Mr. Janocha.

**II.**

A motion to reopen a case is governed by 11 U.S.C. §350(b) and Fed.R.Bankr.P. 5010, and this Court has broad discretion in determining whether or not to reopen a case. See In re Zinchiak, 406 F.3d 214, 223 (3d Cir. 2005); In re Lazy Days' RV Ctr., Inc., 724 F3d 418, 423 (3d Cir. 2013).

Section 350(b) of the Bankruptcy Code states that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. §350(b). The moving party has the burden of proving that "cause" exists to warrant the reopening of a previously closed bankruptcy case. See In re Janssen, 396 B.R. 624, 634 (Bankr. E.D. Pa. 2008)(citing In re Otto, 311 B.R. 43, 47 (Bankr. E.D. Pa. 2004)).

---

[1](...continued)
motions did not comport with various rules of court (such as the failure to properly caption the motions, etc.).

A case should not be reopened where it would be futile or a waste of judicial resources. See Redmond v. Fifth Third Bank, 624 F.3d 793, 803 (7th Cir. 2010)(citing In re Carberry, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995)). "If the moving party cannot obtain the substantive relief which it intends to seek, 'then there is no reason to grant a motion to reopen.'" In re Frazer/Exton Dev., L.P., 503 B.R. 620, 635 (Bankr. E.D. Pa. 2013)(quoting The First National Bank of Jeffersonville v. Goetz (In re Goetz), 2009 WL 1148580, at *2(Bankr. S.D. Tex. Apr. 29, 2009)).

In addition to futility, a court may consider various factors in determining whether to reopen a case including:

> (1) the length of time that the case was closed;
> (2) whether a non-bankruptcy forum, such as state court, has the ability to determine the issue sought to be posed by the debtor;
> (3) whether prior litigation in bankruptcy court implicitly determined that the state court would be the appropriate forum to determine the parties' rights, post-bankruptcy;
> (4) whether any parties would be prejudiced if the case were/were not reopened;
> (5) the extent of the benefit which the debtor seeks to achieve by reopening; and
> (6) whether it is clear at the outset that the debtor [or other party seeking the reopening] would not be entitled to any relief after the case was reopened.

In re Frazer/Exton Dev., 503 B.R. at 634-635 (quoting In re Janssen, 396 B.R. at 634-635).

With these factors in mind, and upon canvassing the totality of the circumstances of this case, it appears that the Movant has not carried her burden

and that reopening of this long closed bankruptcy case is not warranted.

### III.

The stated purpose of reopening the Debtors' case is that Ms. Burnett wants to prosecute a motion for relief from stay in this Court in order to obtain permission to file a *lis pendens* against the Debtors' residence. At the hearing on the *Third Amended Motion to Reopen*, counsel indicated that if she can file a *lis pendens* the question for the appropriate court to decide is whether an equitable lien survived the Debtors' discharge. It appears to this Court that the relief sought by Ms. Burnett, that is reopening this bankruptcy case to seek relief from the stay, is without merit.

The Bankruptcy Code provides that the statutory injunction of the automatic stay with respect to any act established in 11 U.S.C. §362(a) remains in effect until the earliest of the time the case is closed or dismissed or the discharge is granted or denied. See 11 U.S.C. §362(c)(2).

The record reflects that the Debtors' discharge was granted by order dated June 17, 2011 and this case was closed on July 21, 2011. Thus, in this bankruptcy, the automatic stay terminated on June 17, 2011 pursuant to 11 U.S.C. §362(c)(2).

Because no automatic stay is (or has been) in place since June of 2011, there is no need to seek relief from the stay at this late hour. Therefore, if this case were to be reopened, the Movant would not be able to obtain the substantive

00014230                                    7

relief requested as such request is now moot. Accordingly, there is no reason to reopen the case because reopening it would be futile. On this basis alone the Motion should be denied. Redmond, 624 F.3d at 803.

## IV.

At the hearing held on these matters, counsel for the Movant indicated that although the pleadings framed the issue as one for relief from the automatic stay, the issue was really one of the impact of the Debtors' discharge. According to counsel, what Ms. Burnett is actually requesting (although not specifically set forth in her Motion) was a modification of the discharge injunction to permit her to pursue an alleged equitable lien against the Debtors. This argument too does not carry the day.

The general rule is that valid, perfected liens pass through bankruptcy unaffected. Dewsnup v. Timm, 502 U.S. 410 (1992). It is also recognized that 11 U.S.C. § 524(a)(2)[2] only operates as an injunction against further attempts at collection to enforce a discharged debt as a personal liability against the debtor. Johnson v. Home State Bank, 501 U.S. 78, 84 (1991). Enforcement of an equitable lien against a *res* therefore appears to be outside the scope of the discharge injunction as a general matter. See e.g. Long v. Bullard, 117 U.S. 617, 620-21 (1886); Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 582-83

---

[2] 11 U.S.C. § 524(a)(2) states that a discharge under the Bankruptcy Code "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived..."

(1935); United States Nat'l Bank v. Chase Nat'l Bank, 331 U.S. 28, 33 (1947); Dewsnup, 502 U.S. at 417; and Cen-Pen Corp. v. Hanson, 58 F.3d 89, 92 (4th Cir. 1995). Consequently, to the extent Ms. Burnett possesses a valid equitable lien and to the extent it was not divested by the events of the Debtors' bankruptcy, nothing in the Debtors' discharge order would prevent Ms. Burnett from enforcing the equitable lien against the Debtors' property.

**V.**

Of course, while not expressly stated in her written Motion, Ms. Burnett appears to be asking that this Court reopen the Debtors' bankruptcy to determine whether Ms. Burnett has an equitable lien.[3] Ms. Burnett appears to be making

---

[3] Ms. Burnett's counsel cites in her brief two cases for the proposition that equitable liens are enforceable in a bankruptcy setting. Those cases are: Lewis v. Diethorn, 893 F.2d 648, 650 (3d Cir. 1990) and Kedzuf v. Turetsky, 402 B.R. 663 (Bankr. W.D. Pa. 2009). Both Lewis and Kedzuf, however, are distinguishable from the facts involving the Debtors. In both Lewis and Kedzuf, a notice of *lis pendens* was filed of record prior to the commencement of the debtors' bankruptcy case(s). As it relates to Mr. and Mrs. Janocha, no notice of *lis pendens* was filed prior to the commencement of the Debtors' bankruptcy case. This distinction may be important because absent the recording of the *lis pendens* no constructive notice of the secret lien exists. The bankruptcy trustee (and anyone else asserting rights derivatively of the trustee) would therefore have had avoidance rights of a hypothetical *bona fide* purchaser or hypothetical judicial lien creditor under the "strong-arm" clause of 11 U.S.C. § 544. See In re Bridge, 18 F.3d 195 (3d Cir. 1994)(avoidance of unrecorded mortgage); In re Capital Center Equities, 137 B.R. 600 (Bankr. E.D. Pa. 1992)(collecting cases discussing "strong arm" avoidance powers and unrecorded interests); In re Fisher, 320 B.R. 52 (E.D. Pa. 2005)(discussing avoidance powers in the context of an unrecorded mortgage); In re Sosnowski, 314 B.R. 23 (Bankr. D. De. 2004)(mortgagee not permitted to record unperfected mortgage after commencement of debtor's bankruptcy case; nor was mortgagee permitted to assert equitable lien); In re Howard, 422 B.R. 593 (Bankr. W.D. Pa. 2010)("strong arm" avoidance in context of unrecorded transfer of real estate). That avoidance power, if exercised, would have rendered any lien claimed by Ms. Burnett a nullity and preserved the value of the asset at issue for the benefit of the bankruptcy estate's unsecured creditors. The record, however, reflects no such action was brought, but the
(continued...)

this request, even though these issues have already been briefed and are awaiting decision in the state court system. This Court declines Ms. Burnett's invitation to re-open this bankruptcy case. The Court renders such a decision because the totality of the circumstances weigh in favor of maintaining the *status quo*– that is keeping this bankruptcy closed and administered and leaving the parties to their own remedies before the state court. The circumstances reflect as follows:

    <u>Delay</u>. The delay of Ms. Burnett in seeking the reopening militates against granting her Motion. The record reflects that an extensive amount of time went by– nearly three years from the closing of this case– without Ms. Burnett coming forward.[4] Seemingly, the *Third Amended Motion to Reopen* was prompted by the impending divorce of the Debtors and Frank Janocha's assertion in the divorce proceedings that the debt to Ms. Burnett was discharged. Ms. Burnett appears to only now take issue with the fact that her debt was treated as an unsecured debt in the Debtors' bankruptcy case. However, the facts and circumstances surrounding her debt have long been established.

---

[3](...continued)
Debtors' plan was confirmed which provided, among other things, that Ms. Burnett "has no secured claim." An Order was also entered at the end of the case that re-vested property of the estate to the Debtors "free and clear of any and all claims or interests except as otherwise treated in the plan or in the Order confirming the Plan." Mr. Janocha has contended that such orders render any equitable lien of Ms. Burnett a nullity.

[4] While there is no specified time limitation for bringing a motion to reopen, it has been stated that "[a]s the time between closing of a bankruptcy case and its reopening increases, so must the cause for reopening increase in weight." <u>In re Lowery</u>, 398 B.R. 512, 515 (E.D.N.Y. 2008)(citing <u>Citizens Bank & Trust Co. v. Case (In re Case)</u>, 937 F.2d 1014, 1018 (5th Cir. 1991)).

It was known within approximately six weeks of the bankruptcy filing that the mortgage allegedly held by Ms. Burnett was not recorded. Indeed, the Debtors withdrew the Motion to Avoid Lien and filed an amended Chapter 13 Plan that treated the debt due Ms. Burnett as unsecured, and such actions were accomplished within approximately three months of the filing of the case. Years then went by and Ms. Burnett did not seek to protect her alleged interest or aver the existence of an equitable lien; the Debtors were then granted a discharge; and the case closed with nary an objection of Ms. Burnett. Nor, as far as the Court is aware, was any action taken by Ms. Burnett after the case was closed. Ms. Burnett has offered no explanation as to why she delayed in failing to correct the record regarding the filing of her mortgage, particularly during the years this case was pending and during the years after closing of the bankruptcy case.

<u>Forum Available to Decide Controversy</u>. The parties concede that the issue of the *bona fides* of Ms. Burnett's equitable lien is currently pending in the Pennsylvania state court system. While it is true that both parties acknowledge that the state court has suspended those proceedings, it appears that the state court has done so out of fear that any adjudication would violate either the automatic stay or the Debtors' discharge injunction or both. Since there is currently no stay in place, and since the discharge injunction only enjoins *in personam* claims against the Debtors, there presently is no impediment to the state court deciding the controversy.

In fact, it appears that the parties have briefed the issues in the state court system. This Court has no doubt that the state court is more than capable to expeditiously decide the issues raised by Ms. Burnett with respect to the extent and validity of her alleged equitable lien. Moreover, nothing in this Court's prior orders indicated that this Court would retain jurisdiction over any post-bankruptcy lien dispute between the Debtors and their putative lien creditors. Thus, these factors weigh in favor of denying Ms. Burnett's request to re-open this bankruptcy case.

No Prejudice by Not Reopening the Bankruptcy Case. Neither of the litigants are prejudiced by the denial of the Motion. The Court reaches this conclusion because all that denial of the Motion does is maintain the *status quo*. Nothing contained in this Memorandum Opinion and accompanying Order is a determination of the *bona fides* of Ms. Burnett's alleged equitable lien; nor is there a determination of the merits of any defense to the same. The fact remains, all of the parties will have their day in state court and no prejudice can be ascertained by this result.

No Benefit by Reopening. As with prejudice, no party will benefit if the Court was to reopen this bankruptcy case. All that reopening of the case would do is afford the litigants an opportunity to forum shop. In this regard, reopening merely adds a level of complexity in that the parties would have to re-brief issues already briefed before the state court, and perhaps even conduct a trial with

respect to these issues. With the litigation already pending in state court, d*e facto* removal of the litigation to this forum does nothing but add delay and expense and weighs in favor of denying the request to reopen the bankruptcy case.

Entitlement to Relief. As set forth above, the written and verbal stated basis for the Motion is for Ms. Burnett to obtain relief from the stay and/or relief from the discharge injunction to proceed with litigation concerning Ms. Burnett's alleged equitable lien. No real case or controversy exists as to these two limited issues as no automatic stay remains in place (because the Debtors' received a discharge and the case is closed), and because the discharge injunction does not affect valid liens since valid and perfected liens pass through bankruptcy unaffected. Under these circumstances, no need exists to reopen the bankruptcy case, and Ms. Burnett may proceed to litigate in state court whether she has an equitable lien in light of the outcome(s) of this bankruptcy case.

*[Remainder of Page Intentionally Left Blank]*

## VI.

For all of the reasons expressed above, the Court finds that the Movant, Marian Burnett, has failed to meet her burden of proof to reopen this bankruptcy case pursuant to 11 U.S.C. §350(b).  Accordingly, an order will be entered which denies the *Third Amended Motion to Reopen Chapter 13 Bankruptcy*.  As the case will not be reopened, the Court shall enter an order that denies *Third Amended Motion for Relief from the Automatic Stay* as being moot.

Dated: January 8th, 2015                      /s/ Jeffery A. Deller
                                                    JEFFERY A. DELLER
                                                    Chief U.S. Bankruptcy Judge

case administrator to serve:

Mary Bower Sheats, Esq.
Charles O. Zebley, Esq.
Ronda J. Winnecour, Esq.
Donald R. Calaiaro, Esq.

```
FILED
1/8/15 8:29 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA
```